UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
       :
**UNITED STATES**,
       :
    – against –       :  **MEMORANDUM DECISION AND ORDER**
       :
**ALEX AYBAR**,        19-CR-14 (AMD)
       :
          Defendant.  :
       :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On March 11, 2020, the defendant pled guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On January 11, 2021, the Court sentenced the defendant to the statutory minimum term of 60 months, with one day of that sentence to run consecutive to the 33-month term imposed in a separate criminal case in the Southern District of New York. The Court also imposed four years of supervised release, the mandatory minimum. On January 9, 2023, the defendant completed his sentence of imprisonment and began his term of supervised release. To date, the defendant has completed 22 months of his 48-month term of supervised release.

On August 29, 2024, the defendant filed a motion for early termination of his supervised release. The government and Probation oppose the request. For the reasons below, the defendant's motion is granted, and his term of supervised release is terminated.

## LEGAL STANDARD

A district court may grant a defendant's motion for early termination of supervised release "after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18

U.S.C. § 3583(e)(1).  In particular, courts must consider the nature and circumstances of the offense and the history and characteristics of the defendant, considerations of deterrence, incapacitation and rehabilitation of the defendant, the sentencing range and policies in the Sentencing Commission's guidelines for the offense committed, the need to avoid unwarranted sentencing disparities among similarly situated defendants, and the need to provide restitution to any victims of the offense.  *See United States v. Lussier*, 104 F.3d 32, 34–35 (2d Cir. 1997) (quoting § 3553(a)).  The defendant bears the burden of demonstrating that he is entitled to early termination of supervised release.  *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("To be eligible for termination of supervised release under 18 U.S.C. § 3583(e)(1), a defendant must establish that the termination 'is warranted by' (1) 'the conduct of the defendant' and (2) 'the interest of justice.'").

## DISCUSSION

The defendant has established that early termination of supervised release is warranted under the circumstances.

The "primary goal" of a term of supervised release is "to ease the defendant's transition into the community after the service of a long prison term." *United States v. Hutchinson*, 577 F. Supp. 3d 134, 135 (E.D.N.Y. 2021) (internal quotations omitted).

By all accounts, the defendant has successfully transitioned back into the community.  He has re-integrated into his home life — he has continued his three-decade long relationship with his partner, maintained relationships with their three children and received additional support from other family in the area. (ECF No. 396 at 3.)  The defendant has been employed at a supermarket in the Bronx since his release from FCI Fort Dix. (*Id.* at 2.)  Additionally, he is now working to build a tow truck business with family members. (*Id.*)  They have incorporated the

company, and the defendant makes this motion so that he may work on expanding that business. (*Id.*)  Specifically, the defendant explains that he wants to compete for nationwide towing contracts, but that his conditions of supervised release require that he request and receive permission from probation before he can travel out of the district.  (*Id.* at 3.).  He adds that this process typically takes around 45 days, which would prevent him from competing for these business opportunities.  (*Id.*)

Neither Probation nor the government dispute that the defendant has complied with all provisions of his supervised release over the last 22 months.  Indeed, Probation has confirmed that "[d]ue to his continued compliance, he is being supervised in [the] Low Intensity Program, and completed the prior supervision term for the SDNY case." (ECF No. 397 at 2).  However, Probation and the government point out that the defendant committed the crime in this case while on release pending sentence for another drug distribution conviction in SDNY.  (ECF No. 397 at 2–3; ECF No. 398 at 4.)  They contend that this conduct, combined with seriousness of the defendant's offense, suggests that supervised release "remains appropriate and serves the general punishment goals of section 3553(a)." (ECF No. 398 at 4.)  Further, the government argues that the defendant has not shown "exceptionally good behavior" or other circumstances justifying early termination.  (*Id.* at 3.).

While the defendant's conduct was serious, the Court nevertheless concludes that termination of supervised release is appropriate under these circumstances.  "If good behavior, reintegration into society, satisfaction of all conditions of supervised release, and resumption of pre-incarceration life do not constitute the exceptional behavior contemplated in the precedents, precisely what do the precedents require of the supervisee to be discharged prematurely from supervised release?" *Hutchinson*, 577 F. Supp. 3d at 134–35 (internal citation omitted).  Having

considered the factors in § 3553(a), the Court is convinced that early termination of the defendant's conditions of supervised release will serve the interests of rehabilitation and deterrence. The defendant has done everything that the Court, the government, and Probation have asked of him since his incarceration. Moreover, he has completed a term of supervised release in S.D.N.Y., he is more than halfway through his term in E.D.N.Y., and he is under the lowest conditions of supervision. Accordingly, early termination of supervised release is warranted.

## CONCLUSION

For these reasons, the defendant's motion for early termination of supervised release is granted.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       November 20, 2024